Voto particular disidente emitido por la
Juez Asociada Señora Rodríguez Rodríguez.
Despropósitos, nos recuerda el jurista español Francisco Rubio Llórente, “son [...] hechos o dichos fuera de razón, de sentido o conveniencia”;(1) y añado, “o sin relación con la *632 cosa de que se está hablando”.(2) Tal como invita Rubio Llórente a propósito del referéndum catalán, juzguen si el concepto aplica a los eventos en este Tribunal.
Tomando prestado una página del teatro del absurdo, cuatro miembros de este Foro ordenan a la Oficina de Administración de Tribunales (OAT) a que muestre causa por la cual no se le deba ordenar a hacer algo que ya hizo. A saber, que muestre causa por la cual no se debe notificar una determinación de archivo de un asunto disciplinario, a pesar de que hace unos días eso hizo la OAT; función ésta, la de notificación, de carácter puramente administrativo. ¿Qué puede mover al Tribunal a actuar con tal nimiedad?
La respuesta a esta interrogante hay que calibrarla observando que la orden que se emite supone, sin duda, una intromisión indebida en el día a día de la gestión administrativa de esa Oficina. Como sabemos, la Constitución del Estado Libre Asociado confiere a la Jueza Presidenta, a través de la Directora de la OAT, la facultad exclusiva de administrar los tribunales. Const. PR, Art. V, Sec. 7. Además, en este “caso” no hay tal caso, controversia o queja que atender ante nuestra consideración. Lo que tenemos los Jueces es copia de una carta que el licenciado López Feliciano le dirigió a la Jueza Presidenta.
Conscientes de la endeble posición jurídica de la Resolución que hoy se anuncia, se elucubra una teoría, también producto del absurdo, que sostiene que, habida cuenta de que la Constitución del Estado Libre Asociado faculta al Tribunal a aprobar reglas para su administración —Const. PR, Art. V, Sec. 7— también se tiene la facultad para intervenir en asuntos administrativos y cerciorarse de que se “cumpla” con el Reglamento.
A poco que se escudriñe tal “razonamiento” se pone en evidencia su mero espejismo. Lo que los cuatro Jueces —y sospecho que la mayoría de los nuevos miembros de este *633 Tribunal— en efecto sostienen es que a través de la facultad de reglamentar se puede vulnerar, negándole efectividad y eficacia, la cláusula constitucional que le encomienda a la Jueza Presidenta el poder exclusivo de administrar los tribunales.
Dicho de manera más sencilla. La Constitución dice que el Tribunal puede hacer A, pero que sólo la Jueza Presidenta puede hacer B. Los Jueces lo que han hecho es precisamente lo que no pueden: hacer B alegando que lo hacen mediante el ejercicio de A. Es decir, a través del ejercicio de A se tiene la facultad para hacer B, ejercicio conferido ex-clusivamente a la Jueza Presidenta. Claramente éste es un argumento que refleja, como poco, falta de honestidad intelectual. A fin de cuentas, en el empeño de asumir las prerrogativas de la Presidencia, tal parece que la Constitución poco importa, pues sus mandatos se consideran meros “argumentos burocráticos”.

 Francisco Rubio Llórente, “Despropósitos”, La Vanguardia, 29 de septiembre de 2014.

 M. Moliner, Diccionario de uso del español, Madrid, Ed. Gredos, 2002, pág. 967.